UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| FITZGERALD TRUCK PARTS AND SALES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 2:20-cv-00026<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

The United States has moved to compel the production of certain discovery responses by Plaintiff Fitzgerald Truck Parts and Sales, LLC (Fitzgerald or FTPS). (Doc. No. 67.) Fitzgerald has responded in opposition (Doc. No. 70), and the United States has filed a reply (Doc. No. 71). For the reasons that follow, the United States' motion to compel (Doc. No. 67) will be granted in part and denied in part.

### I.    Background

Fitzgerald sells "used highway tractors known as 'gliders,' which are worn or wrecked highway tractors that have been refurbished." (Doc. No. 36.) Fitzgerald brings this action against the United States seeking to recover federal excise taxes and interest that it claims were wrongfully collected by the Internal Revenue Service under 26 U.S.C. § 4051. (*Id.*) Specifically, Fitzgerald claims that its glider sales fall under a safe harbor provision of the tax code that excludes repairs and modifications to used vehicles that do not exceed 75% of the retail price of a comparable new article. (*Id.* (citing 26 U.S.C. § 4052(f)(1)).) The United States asserts that Fitzgerald's gliders are not refurbished used tractors under the terms of the safe harbor provision and are therefore properly

taxed. (Doc. No. 42.) The United States also brings a counterclaim to recover excise taxes that Fitzgerald has not paid. (*Id.*)

II.      **Legal Standard**

"[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (first alteration in original) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401).

The party moving to compel discovery bears the initial burden of proving the relevance of the information sought. *See Gruenbaum v. Werner Enterprises, Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). A motion to compel discovery may be filed in a number of circumstances, including when "a party fails to answer an interrogatory submitted under Rule 33[,]" or "produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). "[A]n evasive or incomplete disclosure, answer, or response" is considered "a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The court will only grant [a motion to compel], however, if the movant actually has a right to the discovery requested." *Grae*, 326 F.R.D. at 485.

### III. Analysis

#### A. Response to Interrogatory 1 and Interrogatory 4

The United States challenges the adequacy of Fitzgerald's responses to its Interrogatories 1 and 4.

The United States' Interrogatory 1 seeks the following information:

1. For each of the Glider Tractor Sales at Issue, by bill of sale number, identify the Highway Tractor that you claim to have repaired and/or modified and any and all previously used parts that from that [sic] Highway Tractor that were re-used in the Glider Tractor that you sold, including, but not limited to:

    a. The vehicle identification number of the Highway Tractor that you repaired and/or modified;

    b. A brief description of each part re-used in the Glider Tractor that you sold; and

    c. Any serial numbers identifying each part.

Fitzgerald provided the following response:

FTPS elects to identify and produce the following documents in lieu of answering this interrogatory: the customer files (documents Bates stamped FTPS007802-FTPS082480) and the donor files (documents Bates stamped FTPS082481-FTPS086295). Subject to the general objections, FTPS is producing non-privileged responsive documents and will produce additional non-privileged responsive documents in accordance with Federal Rule of Civil Procedure 33(d).

**1(a).** The vehicle identification number of the Highway Tractor that FTPS repaired and/or modified can be found in the customer files (documents Bates stamped FTPS007802-FTPS082480) and the donor files (documents Bates stamped FTPS082481-FTPS086295).

**1(b).** FTPS primarily uses remanufactured engines, some engine accessories, and transmissions from Highway Tractors in the Glider Tractors it sold.

**1(c).** The serial numbers for the engines and transmissions can be found in the customer files (documents Bates stamped FTPS007802-FTPS082480) and the donor files (documents Bates stamped FTPS082481-FTPS086295). However, some of the remanufactured engines were issued new serial numbers as part of the remanufacturing process as required by Detroit Diesel.

(Doc. No. 67-6.)

The United States' Interrogatory 4 requests:

For each of the Glider Tractor Sales at Issue, by bill of sale number, state whether you hold legal title to the Highway Tractor that you claim to have repaired and/or modified, and if so:

a. Identify the person from whom you obtained legal title to the Highway Tractor;

b. Identify the date on which you obtained legal title to the Highway Tractor; and

c. Identify all documents and/or communications related to your claim of legal title to the Highway Tractor.

Fitzgerald provided the following response:[1]

FTPS elects to identify and produce the following documents in lieu of answering this interrogatory: the donor files (documents Bates stamped FTPS082481-FTPS086295), vendor files (documents Bates stamped FTPS086297-FTPS109817), and customer files (documents Bates stamped FTPS007802-FTPS082480). FTPS understands that some of the titles are in the custody of the vendor who sold Highway Tractors from salvage yards, consistent with the vendor's practice. Subject to these specific and general objections, FTPS is producing non-privileged responsive documents and will produce additional non-privileged responsive documents in accordance with Federal Rule of Civil Procedure 33(d).

**4(a).** The donor files (documents Bates stamped FTPS082481-FTPS086295), vendor files (documents Bates stamped FTPS086297-FTPS109817), and customer files (documents Bates stamped FTPS007802-FTPS082480).

**4(b).** The donor files (documents Bates stamped FTPS082481-FTPS086295), vendor files (documents Bates stamped FTPS086297-FTPS109817), and customer files (documents Bates stamped FTPS007802-FTPS082480).

**4(c).** The donor files (documents Bates stamped FTPS082481-FTPS086295), vendor files (documents Bates stamped FTPS086297-FTPS109817), and customer files (documents Bates stamped FTPS007802-FTPS082480), and emails. FTPS will produce additional non-privileged responsive emails in accordance with Federal Rule of Civil Procedure 33(d).

(Doc. No. 67–6.)

---

[1] Fitzgerald also objected to Interrogatory 4. Its objection is not relevant to this motion.

Federal Rule of Civil Procedure 33(d) allows a party to respond to an interrogatory by identifying business records from which the requested information can be derived. Fed. R. Civ. P. 33(d). A party may only invoke Rule 33(d), however, "if the burden of deriving or ascertaining the answer will be substantially the same for either party." *Id.* If that condition precedent is met, the responding party may answer by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could" and providing or allowing the requesting party to examine copies of the records. Fed. R. Civ. P. 33(d)(1)-(2).

The United States asserts that it is not able to ascertain the answers to Interrogatory 1 and Interrogatory 4 by reviewing the business records specified in Fitzgerald's response. (Doc. No. 67-2.) Specifically, the United States argues that "the sales files that [Fitzgerald] has produced do not appear to identify the highway tractor that [Fitzgerald] allegedly refurbished. Based upon [the United States'] inspection of [Fitzgerald's] records, and the engine serial numbers listed therein, it appears that for the majority of the sales at issue, [Fitzgerald] simply purchased the salvaged engine from a salvage parts vendor." (*Id.*) This argument is telling: It appears that the United States is not so much challenging the adequacy of Fitzgerald's discovery response as it is arguing that the records Fitzgerald has produced do not support its theories of liability. The United States says as much in its reply brief, where it argues that "[i]t is not sufficient for [Fitzgerald] to provide documents in response to the government's interrogatories that do not support [Fitzgerald's] claims." (Doc. No. 71.) These are ultimately merits arguments and not appropriately raised in a motion to compel.

Of course, it would be improper for Fitzgerald to "provide documents in response to the government's interrogatories that do not support [its] claims" while withholding from production

documents that *do* support its theories of liability. But Fitzgerald responds that it has provided "all of its retained business records for the years in issue, including all paper documents in its customer files . . . and the electronic data used by its various software programs . . . and all email." (Doc. No. 70.) Fitzgerald confirms that these documents "included the name of the customer, the date of the order/sale, the price paid for the glider, the serial numbers of the engines that were refurbished and installed, the components that were combined with the glider kit, the sources for the engines, the cost of the glider, and other information relevant to sales." (*Id.*) According to Fitzgerald, there are no more records to produce. (*Id.*)

It thus appears that one of two scenarios is possible: (1) the information the United States seeks in Interrogatory 1 and Interrogatory 4 is included in the records identified by Fitzgerald's response but is not identifiable to the United States in its review; or (2) Fitzgerald is not able to produce all or part the information that the United States has requested. If it is the second scenario, Fitzgerald must supplement its responses to Interrogatory 1 and Interrogatory 4 to state what information is not in its custody or control. If it is the first, Fitzgerald must assist the United States in finding the information on which Fitzgerald relies.

A responding party's familiarity with its own records is "the critical factor to be considered by the Court" in considering the allocation of burden under Rule 33(d). *T.N. Taube Corp. v. Marine Midland Mortg. Corp.*, 136 F.R.D. 449, 455 (W.D.N.C. 1991). Fitzgerald has pointed to more than 102,000 Bates numbered pages in its answers to Interrogatory 1 and Interrogatory 4 without any indication of which pages contain what information. If Fitzgerald elects to rely on these documents, it must give the United States a map to the responsive information within them. *See Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983) (holding that made a general referral to business records "did not specify where in the records the

6

Case 2:20-cv-00026   Document 132   Filed 03/30/23   Page 6 of 9 PageID #: 11675

answers could be found" and thus "did not comply with Rule 33[(d)]"); *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 282 (N.D. Tex. 2017) (invoking Rule 33(d) "generally requires an answering party 'to point to specific documents, by name or bates number,' and not pointing the requesting party generally to document productions") (quoting *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-CV-2498-B, 2016 WL 2997744, at *9 (N.D. Tex. May 25, 2016)); *U.S. ex rel. Englund v. Los Angeles Cnty.*, 235 F.R.D. 675, 682 (E.D. Cal. 2006) (citing 3,000 pages of documents is "insufficient" to comply with Rule 33(d)); *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 322 (C.D. Cal. 2004) (collecting cases).

Accordingly, Fitzgerald must supplement its responses to Interrogatory 1 and Interrogatory 4 to identify for the United States the specific documents in its production that show, for Interrogatory 1, by bill of sale number "the vehicle identification number of the Highway Tractor [it] repaired and/or modified;" "each part re-used in the Glider Tractor that [it] sold;" and "[a]ny serial numbers identifying each part;" and, for Interrogatory 4, by bill of sale number "the person from whom [it] obtained legal title to the Highway Tractor;" "the date on which [it] obtained legal title to the Highway Tractor;" and "all documents and/or communications related to [its] claim of legal title to the Highway Tractor."

If it will sufficiently enable the United States to locate the relevant information, Fitzgerald may do so by exemplars or by identifying categories of documents. If Fitzgerald is not able to identify or produce all or part of the requested information, it must supplement its responses to Interrogatory 1 and Interrogatory 4 to identify that information.

### B. Response to Production of David Dyer's Email

In its Request for Production 4, the United States asked Fitzgerald to provide: "All documents and/or communications related to your purchase of used and/or remanufactured parts from third-parties for Glider Tractors that you sold during the Tax Periods at Issue." (Doc. No. 67-

7

Case 2:20-cv-00026   Document 132   Filed 03/30/23   Page 7 of 9 PageID #: 11676

20.) According to the United States, David Dyer was Fitzgerald's parts manager from August 24, 2011, to January 30, 2014, when his employment with Fitzgerald ended. (Doc. No. 67-2.) The United States argues that Dyer's email and other ESI would contain documents responsive to this request. (*Id.*) Fitzgerald responds that it cannot provide Dyer's email or other ESI because "Dyer left Fitzgerald in January of 2014 . . . [and] his emails were not retained as Fitzgerald went through the process of changing email systems in that year." (Doc. No. 70.) The United States has obtained some of Dyer's email through third-party document production and, having reviewed the metadata contained in those emails, argues that it "suggests that David Dyer's email was not destroyed until sometime after Fitzgerald's migration to a new email system was complete." (Doc. No. 67-2.)

The United States asks the Court to require Fitzgerald "to produce Mr. Dyer's email if it still exists, or if it has been destroyed, to more fully account for its destruction." (*Id.*) Specifically, the United States seeks information as to the date on which Fitzgerald destroyed Dyer's email. (*Id.*) Fitzgerald responds that Dyer's "emails were not retained after he ceased employment in January, 2014" and that, "[i]n approximately May of 2014, the business changed its email system, and because Mr. Dyer was no longer reemployed, his emails were not retained." (Doc. No. 70.) It reiterates that it has "produced everything" and "has explained to the extent possible what happened to Mr. Dyer's emails following the end of his employment with Fitzgerald. There is nothing more that Fitzgerald knows on this topic." (*Id.*)

Fitzgerald shall supplement its response to Request for Production 4 to provide the United States with the specific date on which Fitzgerald migrated its email to a new system and the date on which email accounts of former employees, including Dyer, were destroyed. If no more specific information than "approximately May of 2014" is available, Fitzgerald shall supplement its response with a statement to that effect.

8

Case 2:20-cv-00026    Document 132    Filed 03/30/23    Page 8 of 9 PageID #: 11677

### C. Pricing Sheets

Finally, the United States asserts that, while Fitzgerald "has produced pricing sheets that [were] transmitted to parts vendors in during [sic] the years 2014 – 2017, it has not produced any of the price sheets that it transmitted to parts vendors during the years 2011 – 2013." (Doc. No. 67-2.) It states that the 2011–2013 pricing sheets are "responsive to [its] discovery requests" and that Fitzgerald "has given no explanation for the failure to produce them." (*Id.*) Fitzgerald responds, again, that "it produced all retained business records" and that "[t]here are no additional pricing sheets to produce . . . ." (Doc. No. 70.)

The United States does not identify a particular request for production to which the pricing sheets are responsive. Accordingly, the Court cannot direct Fitzgerald to supplement its response to any particular inquiry. Fitzgerald asserts that it "has produced everything, has waived any potential claims of privilege, and has explained to the extent possible what happened to its records. There is nothing more than Fitzgerald knows on this topic." (Doc. No. 70.) Likewise, taking this representation made by counsel in a public filing at face value, there is nothing more that the Court can order Fitzgerald to do.

### IV. Conclusion

For these reasons, the United States' motion to compel (Doc. No. 67) is GRANTED IN PART AND DENIED IN PART as set out in this Order. Fitzgerald shall make the ordered supplemental production by April 14, 2023.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge