UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| FITZGERALD TRUCK PARTS AND SALES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 2:20-cv-00026 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

**MEMORANDUM ORDER**

Plaintiff Fitzgerald Truck Parts and Sales, LLC (Fitzgerald) has filed a motion to compel

the production of documents identified in a revised privilege log created by the United States.

(Doc. No. 72.) The United States opposes the motion (Doc. No. 73), and Fitzgerald has filed a

reply (Doc. No. 74). For the reasons that follow, Fitzgerald's motion (Doc. No. 72) will be denied.

**I.     Background**

Fitzgerald sells "used highway tractors known as 'gliders,' which are worn or wrecked

highway tractors that have been refurbished." (Doc. No. 36.) Fitzgerald brings this action against

the United States seeking to recover federal excise taxes and interest that it claims were wrongfully

collected by the Internal Revenue Service under 26 U.S.C. § 4051. (*Id.*) Specifically, Fitzgerald

claims that its glider sales fall under a safe harbor provision of the tax code that excludes repairs

and modifications to used vehicles that do not exceed 75% of the retail price of a comparable new

article. (*Id.* (citing 26 U.S.C. § 4052(f)(1)).) The United States asserts that Fitzgerald's gliders are

not refurbished used tractors under the terms of the safe harbor provision and are therefore properly

taxed. (Doc. No. 42.) The United States also brings a counterclaim to recover excise taxes that Fitzgerald has not paid. (*Id.*)

Early in this litigation, Fitzgerald raised a discovery dispute regarding the adequacy of the United States' privilege log. (Doc. No. 58-1.) After a discovery dispute conference, the Court found that the United States' privilege log did not contain sufficient detail for Fitzgerald to assess the asserted privileges and ordered the United States to provide Fitzgerald with "a comprehensive and complete privilege log that includes descriptions of the included documents sufficient to inform [Fitzgerald] and the Court of the basis for the assertion of privilege and completed entries for all identified documents." (Doc. No. 60.) The Court stated that any issues related to the revised privilege log could be raised by later motion if needed. (*Id.*)

Following the Court's order, the United States provided Fitzgerald with a 491-page revised privilege log (Doc. No. 72-5). Fitzgerald's motion to compel renews its arguments that the United States' revised log is inadequate under Federal Rule of Civil Procedure 26(b)(5)(A).

## II.       Legal Standard

"[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Kentucky Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (first alteration in original) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 26(b)(5)(A) addresses the assertion of privilege in discovery and provides:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i)       expressly make the claim; and

(ii)     describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Rule 26 does not address the means by which a party claiming privilege must provide a description of the withheld information; generally, parties do so by producing a privilege log that includes the categories of information needed to comply with Rule 26(b)(5)(A)(ii). *See Grae v. Corr. Corp. of Am.*, No. 3:16-CV-2267, 2020 WL 3035915, at *4 (M.D. Tenn. June 5, 2020) ("[A] privilege log or something like it is naturally what arises when a party seeks to comply with Rule 26(b)(5)(A) while asserting privilege with regard to a large number of documents; one or two Rule 26(b)(5)([A]) assertions may just be assertions, but if one puts a hundred or a thousand of them together, what results is . . . effectively a privilege log."). The party who withholds otherwise discoverable information as privileged bears the burden of establishing that a particular privilege applies. *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006).

## III.     Analysis

Fitzgerald argues that the revised privilege log provided by the United States remains inadequate under Rule 26(b)(5)(A) and that it cannot assess whether the United States' claims of privilege are valid for that reason. (Doc. No. 72-4.) Fitzgerald argues that the Court therefore should find the privileges that the United States asserts over all of the documents entered in the 491-page log to be waived. (*Id.*) Fitzgerald's motion, however, suffers from the same deficiencies it finds in the United States' privilege log and does not support the extreme remedy it asks the Court to provide.

In its motion, Fitzgerald identifies seventeen "examples of the issues that continue to warrant this Court's attention," including "more than 1,000 assertions of privilege without identifying information in the author or sender columns," "more than 175 assertions of privilege

over documents that show a date received in the year 1900," and "more than 1,300 assertions of Section 6103 protection over entire documents rather than targeted redaction of the protected information."[1] (*Id.*)

Fitzgerald argues that the United States' assertions of attorney-client privilege should be deemed waived because "[t]he United States does not explain how any of its assertions of attorney-client privilege are covered" and because "[m]any entries [on the privilege log] do not suggest that the documents were undertaken by the government while acting in a capacity similar to a 'private party seeking advice to protect personal interests.'" (Doc. No. 72-4.) Fitzgerald also argues that the United States included "more than 150 assertions of [attorney-client privilege] with no named author, email sender, or description. Fitzgerald argues that the United States' assertions of the work product doctrine must also be deemed waived based on similar arguments—that the doctrine is claimed for documents that "were made in the ordinary course of agency business and not at the direction of an attorney to aid in future litigation." (*Id.*)

The United States has withheld documents it argues fall under the confidentiality provisions of 26 U.S.C. § 6103, which prohibits any officer or employee of the United States from disclosing any tax returns or tax return information obtained in connection with the officer or employee's service. 28 U.S.C. § 6103(a). Fitzgerald argues that the United States has withheld or redacted more than 2,100 documents on the basis of § 6103 and challenges the United States' position that § 6103 "serves as a complete bar to disclosure of the information requested." (Doc. No. 72-4.) Fitzgerald asks the Court to "reject the wholesale withholdings and unexplained redactions and . . . require the United States to re-evaluate its redactions to ensure that it is

---

[1]     In its response, the United States recognizes and objects to the "generalized" nature of Fitzgerald's motion, but addresses particular log entries identified in Fitzgerald's citations. (Doc. No. 73.)

withholding only the information necessary to shield taxpayer information." (*Id.*) In the next sentence, Fitzgerald argues that the United States' "assertions of section 6103 should be deemed waived." (*Id.*)

Fitzgerald argues that the United States' assertions of the deliberative process privilege should be deemed waived. Fitzgerald again argues that the United States has claimed deliberative process privilege in entries "with little-to-no information, no identified author, an unintelligible author, no identified recipient, no creation or modification date, [or] no date sent or received." (*Id.*) It argues that the United States has not narrowly tailored its claims of the deliberate process privilege to protect only non-factual, non-public information. (*Id.*) Fitzgerald also argues that the 2016 amendments to the Freedom of Information Act "changed the agency's ability to withhold internal memoranda, mandating that records created 25 years or more prior to the FOIA request may not be withheld under 'deliberative process' claims" and that the United States must produce the documents associated with any entries claiming deliberative process privilege that do not include a date for comparison. (*Id.* (citing 5 U.S.C. § 552(b)(5).) Fitzgerald further argues that the deliberative process privilege can only be asserted by "the head of the agency which has control over the documents" and that the United States has again waived its assertion of the privilege because it did not provide an affidavit from an IRS official demonstrating the reasons why the documents must be kept confidential. (*Id.*)

Finally, Fitzgerald argues that the United States has asserted "personal" and "non-responsive" as reasons for withholding documents. (*Id.*)

For each of these identified issues, Fitzgerald cites one or two illustrative entries from the privilege log. Fitzgerald identifies these entries as, for example, "Redaction Log 3, entry 1," "Privilege Log 4, entry 46," or "consolidated Privilege Log 2, entry 297." (*Id.*) But the privilege

log that Fitzgerald filed with its motion—which the Court assumes to be the revised log provide by the United States—is not divided into separately enumerated privilege logs and redaction logs. (Doc. No. 72-5.) It is, as the United States describes, a consolidated log that includes entries for documents that have been withheld and for documents that have been produced as redacted. The Court thus cannot match Fitzgerald's examples to its exhibit. More importantly, Fitzgerald provides only one or two examples to support its claims about hundreds or, in some instances, thousands of entries in the log.

From these few examples, Fitzgerald apparently asks the Court to find that the United States has waived every privilege it has asserted over every document entered into its 491-page consolidated privilege log. The Court must speculate as to the breadth of the relief Fitzgerald requests and which log entries fall below the standards articulated in Fitzgerald's blanket arguments because—again—Fitzgerald has supported those arguments by citing only a handful of log entries. But it was Fitzgerald's "job to point to the evidence with specificity and particularity in the relevant brief rather than just dropping a pile of paper on the [Court's] desk and expecting [the Court] to sort it out." *Wimbush v. Wyeth*, 619 F.3d 632, 638 n.4 (6th Cir. 2010); *see also ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 585 (6th Cir. 2018) ("[I]t is [a party's] burden to . . . make the argument because '"[j]udges are not like pigs, hunting for truffles" that might be buried in the record.'" (third alteration in original) (quoting *Emerson v. Novartis Pharms. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011))).

Fitzgerald's "request for relief is far too broad and ill-defined: [it] fail[s] to identify the entries where the government did not properly invoke its privilege and instead as this Court to compel *all* documents withheld . . . ." *Steele v. United States*, No. 1:14-CV-01523-RCL, 2022 WL 2817835, at *2 (D.D.C. July 19, 2022) (denying motion to compel where it was "unclear which

documents plaintiffs even seek"). The Court will not grant the "'extreme sanction'" of finding a privilege (or, here, four privileges) waived when the party seeking that sanction has not made its argument with precision. *Hobart Corp. v. Dayton Power & Light Co.*, No. 3:13-CV-115, 2017 WL 3668848, at *2 (S.D. Ohio Aug. 24, 2017) (quoting 6 James Wm. Moore, Moore's Federal Practice § 26.90[2] (3d ed.)); see also 8 Charles A. Wright et al., Federal Practice and Procedure § 2016.1 (3d ed. updated Aug. 2019) ("A key point here is that finding a waiver in such situations is a sanction, not an automatic consequence of every failure to comply with Rule 34(b)'s time limit for responding to a discovery request with sufficient detail."). To do so would require the Court to make an equally imprecise and improper advisory opinion.

## IV.     Conclusion

For these reasons, Fitzgerald's motion to compel (Doc. No. 72) is DENIED.

It is so ORDERED.


ALISTAIR E. NEWBERN
United States Magistrate Judge